# CIRCUIT COURT OF CHESTERFIELD COUNTY

Chesterfield County

v.

Robert G. Karnes and
State Building Code
Technical Review Board

April 4, 1995

Case No. CL94-1273

BY JUDGE JOHN F. DAFFRON, JR.

This matter is before the Court on appeal of the decision rendered by the State Building Code Technical Review Board (TRB). The issues before the Court are the standing of the County to appeal and the correctness of the Technical Review Board's ruling requiring Chesterfield County to serve a notice of a violation. Upon review of all of the evidentiary materials and consideration of counsels' arguments and supporting memoranda, the Court reaches the following conclusions.

## I. *Chesterfield County is Not the Proper Appellant*

Pursuant to § 116.1 of the Virginia Uniform Statewide Building Code, Chesterfield County has created the local board of Building Code Appeals known as the Chesterfield County Board of Building Code of Appeals (BBCA) to hear appeals from the local building department concerning the application of the Uniform Statewide Building Code (USBC).

In this case, the BBCA heard an appeal which arose from the failure of the building inspector to issue a notice of the violations in the construction of Mr. Karnes' home. The BBCA ruled that the building official was required to serve a notice of the violation on the builder.

The County appealed the decision of the BBCA to the State Building Code Technical Review Board pursuant to § 117.1 of the USBC.

The State Building Code Technical Review Board upheld the decision of the BBCA ruling that the County was required to serve the notice of violation. The County appealed the decision of the TRB to the Circuit Court of Chesterfield County.

Section 9-6.14:16 of the Code of Virginia permits a party aggrieved and claiming unlawfulness of the TRB's decision to seek judicial review. The County would have standing as would any person who is aggrieved. However, to have legal standing, an entity must suffer a substantial grievance, a denial of personal or property rights, legal or equitable, or the imposition upon a party of a burden or obligation. Chesterfield County is neither aggrieved, nor has it been deprived of any personal or property right by the decision of the BBCA. The County considers itself aggrieved by not being able to pursue USBC enforcement in its own way. The Court has not been shown that this is a legally sufficient aggrieved concern. Accordingly, the County lacks standing to appeal the decision of the TRB.

## II. *The Ruling of the Technical Review Board was Correct*

Assuming arguendo that the County had standing, the Court would uphold the ruling of the TRB. The TRB is authorized by statute to interpret the state building code. The TRB, like the BBCA, interpreted § 112.2 to require the service of a notice of violation.

While in a few instances courts have interpreted the word "shall" in statutes and ordinances to be directory or permissive, the ordinary and usual interpretation has a mandatory connotation. The Court finds no basis for giving the word "shall" a meaning other than its ordinary and usual meaning which is obligatory.

The County is commended for its civility in first taking a nonadversarial approach by requesting the contractor to remedy the code breach. The County asserts its informal approach generally is successful. However its efforts to remedy the code violations once unsuccessful, for whatever reasons, the building official *must* issue a notice of violation and *must* request in writing the county attorney to institute the appropriate legal proceeding. The County's discretion in whether to take legal action rests in the professional judgment of the county attorney.

The Court sustains the ruling of the TRB.